OBADIAH H. PLATT v. GEORGE W. NILES AND JOHN RICE.

An action on the case will not lie for malicious arrest or process issuing out of a court having no jurisdiction, unless malice and falsehood are the gravamen of the offense, and the false imprisonment but an incident.

Where a declaration in the Marine Court disclosed a strict and technical false imprisonment, the action was trespass, and that court had no jurisdiction, although the declaration contained averments of want of probable cause.

TRESPASS *de bonis* tried at the May Circuit, in New York, 1845.

In a suit in the New York Common Pleas, between Rice & Blakely, Platt, the plaintiff in this suit, as the attorney for Blakely, in that suit, issued a precept to the sheriff of New York, against Rice, for the collection of seven dollars, costs of a motion. On this precept Rice was arrested, but was immediately discharged from arrest, upon its being discovered that the precept had been delivered to the sheriff after its return day had passed.

Rice then commenced a suit in the Marine Court against Platt, and in his declaration set out the issuing of the precept and the arrest of Rice, adding the averments that the precept was issued without any just cause; that Platt, when he issued it, knew the costs had been paid, and maliciously and wrongfully caused Rice to be arrested.

Platt refused to appear or plead in the Marine Court, and the cause was tried *ex parte* in that court, Rice appearing there by Niles, as his attorney. On that trial, no evidence of malice was given, but the cause proceeded entirely, as well in the opening of the counsel as in the testimony, on the ground of the false imprisonment. Judgment was rendered for Rice, who immediately swore out an execution, which Niles put

into the officer's hands with directions forthwith to levy the same. For that levy this suit was brought.

The defendants moved for a nonsuit: —

1. Because the action in the Marine Court was case for malicious prosecution, and not false imprisonment.

2. Because Niles acted only as the attorney for Rice in the Marine Court.

3. Because the property was never removed.

The circuit judge denied the motion, and the defendants excepted.

*The Circuit Judge* then charged the jury that the Marine Court, having no jurisdiction of an action for false imprisonment, the parties engaged in issuing the execution out of that court, would be liable in this suit, if the action in that court was, in fact, for false imprisonment.

That the declaration in the Marine Court was a mingling together of the two actions of false imprisonment and malicious prosecution, and the pleading was to be construed most strongly against the pleader.

That, in his judgment, the action in the Marine Court was for false imprisonment, and that, therefore, the plaintiff was entitled to recover.

To which charge the defendants excepted.

*The Defendant's Counsel* requested the judge to charge:—

That the instructions given by Niles to the constable ought not to be received as influencing the act of the officer, because he acted by virtue of the power of his process.

That Platt ought to have appeared in the Marine Court, and made his objection there.

Which the judge refused to do, and the defendants excepted.

The jury found a verdict for the plaintiff for $300.

And now, on a bill of exceptions, the defendants moved for a new trial.

*G. W. Niles*, in person, insisted that the action in the Marine Court was case for malicious prosecution, and cited 3 Stevens Nisi Prius, 2018, 2036; 2 id. 1003–5–6; 2 Wils. 302; 3 Bl. Com. 126; 1 Ch. Pl. 152; *Morris* v. *Scott*, 21 Wend. 281.

*J. L. White*, for plaintiff, cited *Vail* v. *Lewis*, 4 J. R. 450.

*The Circuit Judge:* My impression on the trial of this cause was, that for an arrest on void process, case could not be brought, but that trespass was the only remedy. But I am referred on the argument to a case (*Morris* v. *Scott*, 21 Wend. 281), in which it is held that on process issuing out of a court having no jurisdiction, case may be brought, where malice and falsehood are the gravamen of the offense, and the false imprisonment is only an incident. But that case, though it establishes an exception to the general rule, still leaves the question to be determined in this case as to what the action in the Marine Court actually was.

Neither in the declaration, nor in the other proceedings in that court was the malice the gravamen of the action. There was indeed no malice in the case. It was a mistake, an oversight, which made the arrest on the precept a false imprisonment, but there was no pretense that it was malicious in fact. The gravamen was the false imprisonment, and it is evident that for that it was that the action was brought, and for that the judgment was rendered.

The action in the Marine Court, though in form case, was in fact, it seems to me, false imprisonment. The declaration contains all the ingredients of that action, as well as the averments of want of probable cause, necessary to an action for malicious prosecution. Omitting the former, the gravamen would be taken away even from the declaration, and in the action as it was tried, in the opening of the counsel, in the character and nature of the evidence, and the facts disclosed by it, nothing else is to be recognized but a strict and technical false imprisonment, and it requires a good deal of astute-

ness, even when aided by the ingenuity of counsel, to detect amid this mass of the characteristics of false imprisonment even the features of malicious prosecution, and much more its essential ingredients of malice and falsehood.

But, if I had any doubts upon this point, I should be inclined to yield them to the decision of the Superior Court, a competent tribunal, which has had before it, on certiorari, the proceedings of the Marine Court, and has pronounced the action to be false imprisonment.

Besides, it is important to suitors, and to the administration of justice, that the line of demarkation between the jurisdiction of the different courts should be preserved broad and distinct, particularly so as to courts of inferior jurisdiction, to see that they do not, by subtle arguments and refined distinctions, overstep the bounds which the statute has plainly marked out for them.

New trial denied.