## MORRIS *vs.* SCOTT.

An *action on the case* for a *malicious prosecution* lies against a party who *falsely* and *maliciously* prosecutes another, although the court in which such prosecution was had was utterly *destitute of jurisdiction* in the matter ; consequently it is not necessary in the action for the malicious prosecuton to aver or prove that the court in which were the proceedings complained of had jurisdiction, provided that the *malice* and *falsehood* of the charge be put forward as the *gravamen*, and the arrest or other act of trespass be alleged merely as a consequence.

ERROR from the Allegany common pleas. This was an *action on the case* for a *malicious prosecution*, brought by Morris against Scott, for maliciously, and without probable cause, making complaint to a magistrate against Morris, for aiding and assisting in the removal of the property of a third person, for the purpose of *defrauding* the creditors of such person, suing out a warrant for his arrest, causing him to be arrested and brought before the magistrate, and subsequently tried by a court of *special sessions ;* by which court he was acquitted and discharged. The defendant pleaded *non cul.* The parties went to trial and the plaintiff offered to prove the facts as above stated. The defendant objected to any proof being received, for the want of averments in the declaration that either the *justice* to whom the complaint was made, or the *court* of special sessions before whom the plaintiff was tried, had *jurisdiction* in the matter. The court of C. P. sustained the objection and *nonsuited* the plaintiff, who sued out a writ of error.

*S. B. Cooley*, for the plaintiff.

*G. Miles*, for the defendant.

*By the Court*, COWEN J. Authorities are cited, by the counsel for the plaintiff in error, that an action on the case lies for a *malicious prosecution*, although the court in which it is instituted had no jurisdiction. *Goslin v. Wilcock*, 2 Wils. 302. In *Smith v. Cattel*, id. 376, it is said "the sting

of these kind of actions is *malice* and *falsehood*, and the injury done in pursuance thereof." The question has also been much discussed in a later case, on error. *Elsee* v. *Smith*, 1 Dowl. & Ryl. 97; 2 Chit. R. 304. S. C. A party who pursues a man by arrest in a court destitute of jurisdiction, may be sued in *trespass* for the false imprisonment; and the objection is, that whatever might have been his malice, and however plain the want of probable cause, the injured man cannot bring an action on the case, especially if he mention and claim damages in his declaration for the arrest and imprisonment. In such case he has committed an assault and false imprisonment, an act which, in its own nature, is a trespass *vi et armis*. But taking the authorities together, they give a decided countenance to an action on the case, though there may be a total want of jurisdiction, provided the *malice* and *falsehood* be put forward as the *gravamen*, and the arrest or other act of trespass be claimed as the consequence. This case, therefore, as it stood at the common law, seems properly set down by Mr. Chitty as presenting a right to elect between case and trespass. 1 Chit. Pl. 127, Phil. ed. of 1828. But be that as it may, a clear right of election arises under the statute, 2 R. S. 456, 2d ed. § 16. By that section, *case* may now be brought for almost any trespass affecting the person or personal property. Conceding therefore that the declaration failed to show jurisdiction, the evidence offered should have been received. The judgment must be reversed, and a *venire de novo* go from the court below, the costs to abide the event.