## Hays *vs* Younglove.

ERROR TO THE CHRISTIAN CIRCUIT.

*Trespass.    Case.    Malicious prosecution.*

JUDGE BRECK delivered the opinion of the Court.

CASÉ.

*Case* 132.

*September* 23.

Case stated.

THIS was an action on the case, brought by the plaintiff against the defendant in error.   The declaration contains two counts.   The first alledges that the defendant maliciously and without probable cause, went before a Justice of the Peace and made oath that the plaintiff did, on a certain day, cut down trees and carry off the same, from the land of the defendant, said land and timber being at the time, in his, the defendant's possession; and that upon his said oath, maliciously and without probable cause, procured the said Justice to issue his warrant, directed to the Sheriff, for the apprehension of the plaintiff, and maliciously caused the Sheriff to arrest and take him before the Justice, and to be imprisoned, and from which he was duly discharged upon executing bond for his appearance at the Circuit Court.   He alledges his appearance at said Court, and that he was fully discharged and acquitted thereby from said warrant, and charge.

The second count contains substantially the same allegations as the first, with the additional allegations that the land upon which the alledged trespass was committed, was claimed by and in possession of the plaintiff, which was known to the defendant.

A demurrer was filed to each count, and sustained, and the plaintiff has brought the case to this Court.

That the plaintiff was entitled, from the facts alledged in the declaration, to maintain his action, we have no doubt.   The only question is, whether he should not have sued in trespass, instead of case.   It is manifest the Justice had no jurisdiction to issue the warrant, and that trespass could be maintained.   But it has been held that when the proceeding be malicious and *unfounded*, though

Where a proceeding is *malicious and unfounded,* though instituted before a Court having no jurisdiction, either trespass or case may be maintained: (1 *Chitty,*   153;) *Morris* vs *Scott,* (21 *Wendell.*)

instituted in a Court having no jurisdiction, either trespass or case can be supported: (1 *Chitty*, 153;) *Morris vs Scott*, (21 *Wendell.*) In the case referred to, it is said, "taking the authorities together, they give a decided countenance to an action on the case, though there may be a total want of jurisdiction, provided the *malice and falsehood* be put forward as the *gravamen*, and the arrest or other act of trespass, be claimed as the consequence." The case before us is of that character, and we are of opinion that the declaration is good.

Wherefore, the judgment is reversed and the cause remanded, with directions to overrule the defendant's demurrer and for further proceedings.

*Buckner and McLarning* for plaintiff; *Bristow* for defendant.

