## FORREST *vs.* COLLIER.

1. In an action on the case for maliciously suing out an attachment against the plaintiff, the defendant cannot raise the objection that the affidavit, which he made to procure the attachment, and on which the writ was issued, was insufficient to authorize the issuance of an attachment.
2. Nor is it necessary that the declaration should aver that the affidavit was in writing.
3. An averment that the attachment was sued out "wrongfully, fraudulently, and in order to oppress and injure said plaintiff," is equivalent to an averment that is was sued out "maliciously."
4. When the attachment was sued out by the defendant as agent for a third person, and the declaration alleges that he was not the agent of such third person, but acted wholly without authority from him, it is unnecessary to aver either the want of probable cause for the issuance of the attachment, or that the attachment suit is ended.
5. The defendant may show, in mitigation of damages in such case, that he was the plaintiff's security on a bond which had been given to stay execution in the suit in which the attachment was sued out, and that the plaintiff was about to remove his property from the State at the time he sued out the attachment against him.

ERROR to the Circuit Court of Tuskaloosa.

Tried before the Hon. Geo. D. Shortridge.

This was an action on the case by Collier against Forrest to recover damages for maliciously suing out seven attachments against the plaintiff. The declaration contained two counts, which are described at sufficient length in the opinion. The defendant pleaded, 1. Not guilty; 2. That at the time when said attachments were sued out, said Collier was indebted to the said several plaintiffs in attachment in the several sums therein respectively mentioned, and was about to remove his property out of the State, and thereby said plaintiffs in attachment would lose their debts, or have to sue for them in another State; 3. That said plaintiff was, at the time of suing out said attachments, justly indebted to said plaintiffs in attachments in the several sums therein respectively mentioned, and was about to remove out of the State, so that the ordinary process of law could not be served upon him. The plaintiff demurred to the second and third pleas, and his demurrer was sustained. There was a verdict and judgment for the plaintiff.

FRIERSON, for plaintiff in error.

1. The declaration shows no good cause of action, 1st. Because if being for a *mere wrongful* act at common law, it should show *special* damage by averment. McCullough v. Walton, 11 Ala. 492; 2d. That the facts sworn to did not authorize the issuance of the process. See Clay's Digest 54; Bennett v. Black, 1 Stewart 494; Leigh v. Webb, 3 Esp. Rep. 105; 3d. *Declaration* does not show the facts sworn to to have been in writing. Clay's Digest 54.

2. There is no averment of malice or want of probable cause. Randall v. Henry, 5 S. & Porter 567; 13 Ala. 490 and 501; 2 Saunders' P. and Evidence 659, and cases cited; Purcell v. McNamara, 9 East 361; Arbuckle v. Taylor, 3 Dow. 160; Johnston v. Sutton, 1 Term Rep. 545; Purton v. Honnor, 1 B. & P. 205; Turner v. Walker, 3 Gill & Johnson, Md. Rep. 377.

3. That there is no averment that the suit was ended or determined. Smith v. Shackelford, 1 Nott & McCord, S. C. Rep. 36; 2 ib. 143; 2 ib. 54; 6 Wendell N. Y. Rep. 418, 2 S. Pl. and Evidence 658, and cases cited.

4. That the plaintiff's demurrer to the defendant's second and third pleas should have been overruled. See Kirksy v. Jones, 7 Ala. 622. If this point is not good, then it must be a common law action, and the second and third points apply with full force.

5. That the plaintiff's oral testimony should not have been allowed, (see the bill of exceptions;) 2d. That the attachments should not have been made. Donnell v. Jones, 13 Ala. 490; Kennedy v. Deer, 6 Porter 90.

6. That it was improper to permit the plaintiff to read, in evidence to the jury, the several *judgments* mentioned in the bill of exceptions and their several levies, and prove the proceedings thereon. It was irrelevant to the issue. Morrison et ux v. Wright, 7 Porter 67.

9. It was improper to restrict the testimony of the defendant, as shown by the bill of exceptions. The defendant's testimony offered was proper, and should have been permitted. Kirksey v. Jones, 7 Ala. 622; Randall v. Henry, 5 Stewart & Porter, 367.

P. & J. L. MARTIN, *contra.*

CHILTON, J.—This was an action on the case by Collier against Forrest, for falsely, maliciously, and fraudulently going before a justice of the peace and suing out, as agent for a third person, an attachment against the plaintiff, when he had no authority from such person to sue out the same, and when execution on the demand was suspended by a stay-bond, said Forrest himself being the security on said bond.

There is another count, which does not differ materially in its structure, except that it sets out the facts with more particularity, and avers that seven judgments were rendered by one Childress, a justice, which are particularly described, against said Collier and his partner, Faver. Executions were issued in due time, and stayed by the execution of a bond, with Forrest as surety thereon. That before the stay had expired, said Forrest went before the justice who had issued the executions, and in order to injure and oppress the said plaintiff, &c., falsely and fraudulently represented himself to be the agent of said plaintiffs respectively, in said seven judgments; made affidavits in the several cases, as agent, for attachments, and procured the same to be issued. The count avers he was not the agent at the time spoken of, had no authority to sue out the writs, and that said attachments respectively were falsely, maliciously, and vexatiously sued out, and were levied on certain property of the plaintiff, which was detained from his possession thereby, and he put to expense in defending, &c. This is the substance of the counts. They were demurred to in the court below, and the court having overruled the demurrer, their legal sufficiency is the first matter of inquiry.

We will consider the objections as the same are presented by the counsel for the plaintiff in error.

1. He insists, that the counts being for a mere wrongful act, the plaintiff should have averred special damage. Without deciding whether such averment, in this case, is necessary, we reply that in this case special injury is alleged, viz: that by reason of the seizure, his property, of the value of $2,000, has been lost to him.

2. That the facts sworn to did not authorize an attachment. We think this is not an important inquiry in this case. Whether in strictness of law the affidavit was such as would have

·supported the attachment, had a motion been made to quash the writ for that defect, we will not decide. It is sufficient that the affidavit was such as to call into exercise the juris-·diction of the justice over the case presented, and that the issue of the attachments was the immediate or proximate result of making the affidavits. The defendant below made the affidavits and *procured* the issue of the attachments thereon, and it is not to be tolerated, if he did it maliciously as well as unauthorizedly, that he should screen himself from responsibility, by showing that he induced the justice to issue them upon affidavits which were not sufficient. It is certainly true that a mistake of the justice should not be allowed to prejudice Forrest; as, if the latter had applied and made oath for an attachment, the justice had issued his warrant for some offence against the criminal law. But in this case he applies for attachments and gets them, and although they may not be regular, the injury to the defendants in the writs is not the less, nor are they less the immediate consequence of his unauthorized act; see Ewing v. Sanford, 19 Ala. Rep. 605.

3. This reasoning equally applies to the objection that the fact is not averred in the declaration that the affidavits were in writing. We repeat, that the regularity of the attachment proceedings is not before us. It is sufficient that the justice has by law jurisdiction over the subject of attachments, and that that jurisdiction was called into exercise by the malicious and unauthorized act of Forrest, as charged in the declaration.

4. It is said there is no averment of malice. The second count does aver that the act was done maliciously. The first does not use this term, but equivalent expressions, that it was done " wrongfully and fraudulently, to injure," &c.

5. The other objections, that there are no averments of the want of probable cause, or that the attachment suits have been ended, do not apply to a case like this, where the false and fraudulent representation of agency, resulting in consequent damage, is the *gist* of the action. Whether there existed cause for the attachments or not, so far as the creditors were concerned, is only important as affecting the damages, and allowable, under the peculiar circumstances of this case, as explanatory of the motive of Forrest. His peculiar relation to

the parties, standing as surety on the stay-bond, and seeing his principal about to remove his property, so as, if effected, he would most likely have the debt to pay, while these facts did not authorize his act, and consequently constitute no bar to the suit, as the pleas suppose, yet they presented the case in a different light than that which would have characterized it, had there existed no such relation, and no attempt by the principal to remove his property.

The principles above stated embrace all the points raised in this case, and show that the court did not err in sustaining the declaration, and adjudging the second and third pleas bad; but did commit an error in the exclusion of the testimony, as to the intention of the defendant in error to remove and take his property to Louisiana. We repeat, that while this proof would not bar the action, it explains, to some extent, and is proper to be considered in determining whether Forrest acted wantonly.

Judgment reversed and cause remanded.