## Clark Sweet and another v. Henry Negus.

*Warrant: Complaint: Examination of complainant: Jurisdiction.* Whether
under the statute (*Comp. L. 1871*, § *7826*) a magistrate, as between him and the
accused, has any right to issue a warrant upon a formal sworn complaint,
without first making an examination of the complainant, reducing it to writ-
ing, and causing the same to be subscribed, and whether a warrant thus issued
would confer any rightful jurisdiction to proceed against the defendant:—
*Quære ?*

*Malicious prosecution: Want of jurisdiction: Warrant.* But where the want of
jurisdiction does not appear upon the face of the warrant, and is only made to
appear by evidence *aliunde*, the party arrested and prosecuted may, when he
has been acquitted, maintain an action for malicious prosecution, upon a show-
ing that it was malicious, and in the absence of proof of probable cause, or
that the defendant acted in good faith..

*Malicious prosecution: Want of jurisdiction.* Whether where a total want of
jurisdiction appears upon the face of the warrant, the proceeding can be made
the basis of an action for malicious prosecution:—*Quære ?*

*Submitted on briefs October 9.   Decided October 27.*

Error to Jackson Circuit.

*Conely & Sharp*, for plaintiffs in error.

*George C. Worth* and *Lewis M. Powell*, for defendant in
error.

CHRISTIANCY, J.

Negus, defendant in error, brought his action against the
plaintiff in error, in the Jackson circuit, for a malicious
prosecution.

The complaint on which he was prosecuted, and upon
which the warrant for his arrest was issued, was made by
Jasper Sweet, one of the plaintiffs in error, signed and
sworn to by him, charged that "Henry Negus did, on the
25th of April, 1873, at the township of Leoni, in said county,
threaten to kill the cow of this complainant; and that from
the above, and other threats used by the said Henry Negus,
he, the complainant, is afraid that the said Henry Negus will
kill the cow of the complainant, or do some injury to his

person or his property; and, therefore, prays that said Henry Negus may be required to find sufficient sureties to keep the peace towards him, this complainant; and the said Jasper Sweet also says he does not make this complaint against, nor require such sureties from said Henry Negus, from any malice or ill-will, but merely for the preservation of his property and person from injury." The warrant issued upon this complaint by the justice, before whom it was made, recites that, "whereas, Jasper Sweet has this day made complaint to me in writing, and on oath, that Henry Negus did, on the 25th April, 1873, at the town of Leoni, in said county, threaten to kill the cow of this complainant" [and then reciting the rest of the complaint in substance]; "and, whereas, it appears to me from the examination of the said Jasper Sweet, duly made on oath, and reduced to writing by me, that there is just reason to fear the commission of the said offense by the said Henry Negus, therefore," etc., in the usual form, commanding the arrest of Negus, to be brought before him to be dealt with according to law.

Negus was arrested on this warrant, brought before the justice, gave bail for his appearance for examination at a future day, and on the adjourned day demanded a trial before a jury, which was granted, and he was so tried.

The jury found Negus (the defendant in the complaint) not guilty, and further found that the complaint and accusation were groundless; and the complainant was thereupon ordered by the justice to pay the costs of the proceedings.

In addition to the other facts proved on the trial of this cause in the circuit, the plaintiff introduced evidence tending to show malice and want of probable cause.

But it appeared expressly by the testimony of the justice before whom the complaint was made, "that he did not make any examination of the complainant on oath, except to swear him to the complaint." And the only questions raised by the assignments of error are based upon this neglect of the justice.

It is insisted, *first*, that as the justice did not, after, or even before, complainant had made his formal complaint in writing and on oath, examine the complaint on oath and reduce the examination to writing, he had no right to issue the warrant, and that the proceeding (the prosecution against defendant in error) was without jurisdiction and void; and, hence, *secondly*, that the plaintiff below could not maintain this action for a malicious prosecution; and that his remedy, if he had any, is for the arrest, or for false imprisonment.

As to the first question, the statute applicable to the complaint made against Negus before the justice (*Comp. L. 1871*, § *7826*) provides: "Whenever complaint shall be made in writing and on oath, to any such magistrate, that any person has threatened to commit any offense against the person or property of another, it shall be the duty of such magistrate to examine such complainant, and any witnesses who may be produced, on oath, to reduce such examination to writing, and to cause the same to be subscribed by the parties so examined."

It may be assumed for the purpose of this case (and we are inclined to think, though we need not decide, that this is the true view of the statute) that the justice, as between him and the accused, had no right to issue the warrant, without first making an examination of the complainant, reducing that examination to writing, and causing the same to be subscribed by complainant, after the formal written and sworn complaint had been presented to him, and that he, therefore, obtained no rightful jurisdiction to proceed against the defendant.

But this defect did not appear on the face of the warrant, which recited an examination, and was in all respects regular upon its face, and appeared to have been issued in full compliance with the statute. As between the accused and the officer holding the warrant, it imposed upon the accused the duty of submission to its commands and the arrest made by the officer. And it does not appear that

the accused ever became aware of the omission of the justice to take the examination; he yielded to the command of the warrant, and submitted to the trial of the charge against him, and suffered the same inconvenience and damage as if no such defect had existed; and it ought not, and we think it does not, lie in the mouth of the complainant, or those who were instrumental in setting the prosecution on foot, to insist upon the defect of which the complainant must be presumed to have been cognizant when the warrant was issued and the prosecution instituted. It would be allowing him to take advantage of his own wrong. There may be good ground for holding, as has been held in some cases (*Braveboy v. Cockfield, 2 McMullen, 270; Bixby v. Brundrige, 2 Gray, 129; Marshall v. Betner, 17 Ala., 832*), that when the justice has, by law, no jurisdiction of the subject matter, or a total want of jurisdiction otherwise appears upon the face of the warrant, the proceedings cannot properly be called a prosecution. In such cases the accused would be under no obligation to obey or submit to the arrest, or the trial or examination. We decide nothing upon this point, as it is not before us; but we are entirely satisfied that when the want of jurisdiction does not appear upon the face of the warrant, and is only to be shown by evidence *aliunde*, the party arrested and prosecuted may, when he has been acquitted, maintain an action for malicious prosecution, when he shows it to have been malicious, and the prosecution does not show in defense that there was probable cause, and that he acted in good faith.—See *Farley v. Danks, 4 E. & B., 493; Collins v. Love, 7 Blackf., 416; Forrest v. Collier, 20 Ala., 175; Morris v. Scott, 21 Wend., 281.*

The ruling of the circuit court was in favor of the plaintiff below upon this point, and we think it was correct.

The judgment must, therefore, be affirmed, with costs.

The other Justices concurred.