No. 2582.

GEORGE W. WARD v. JOHN R. SUTOR.          ·

1. MALICIOUS PROSECUTION.—One who maliciously and without probable
cause puts in operation the machinery of judicial proceedings under
which an arrest and trial is had, thereby incurs liability from which,
when sued for malicious prosecution, he is not relieved by the fact that
the subsequent proceedings in the prosecution so begun and in a
court having jurisdiction, were so irregular that had a conviction re-
sulted, the judgment would have been a nullity. ·

2. EVIDENCE.—In a suit for malicious prosecution, based on the voluntary
affidavit of the defendant, which put in motion a prosecution in a
United States circuit court, resulting in trial and verdict of not guilty,
the fact that in the opinion of the Texas court trying such suit for
malicious prosecution the United States court had no jurisdiction to
try the cause, will not be sufficient to exclude the transcript of the
prosecution proceedings when offered in evidence for the purpose of
showing the affidavit, the information based thereon and the verdict
and judgment of not guilty.

3. COPIES—CERTIFICATE.—The custodian of judicial records in giving cer-
tified copies should set them out only as the originals appear, and need
not certify that an affidavit contained therein was made by the party
who on the face of the copy of the paper appears to have made it.

APPEAL from Harris.   Tried below before the Hon. James
Masterson.

Appellant sued for damages for malicious prosecution, and al-
leged that appellee had made an affidavit before the United States
commissioner, at Houston, charging that the appellant had taken
a letter from the post office at Lynchburg, Texas, which was
addressed to appellee, with design to pry into business or se-
crets of appellee, which charge was a crime against the laws
of the United States; that the United States district attorney,
basing his action upon said affidavit, made by the appellee,          ·
presented and returned into the United States circuit court at
Galveston a criminal information, charging appellant with
said crime, and thereupon a warrant for appellant's arrest is-
sued from said court, and he was arrested at his home in Har-
ris county and carried to Galveston, and was there detained
for four days, and until he gave bail; that on April 6, 1885, ap-
pellant was tried for said crime before said court on said crim-

inal information, and appellee appeared at the trial and testified, and maliciously prosecuted appellant, although he (appellee) knew that the charge made and prosecuted was false and without cause or ground, but appellant was found not guilty by a jury and discharged. The petition alleged the falsity of the charge, and claimed damages, actual and exemplary.

Appellee answered by general denial. At the trial in the court below appellant offered in evidence a transcript containing, first, the affidavit made by appellee before the commissioner; second, the criminal information; third, the verdict of the jury in the case of The United States v. George Wood, certified from the United States circuit court. On appellee's objection, the court excluded the offered evidence, on the ground that the United States circuit court had no jurisdiction to try said crime on an information; that its proceedings were void, and that this action could not be supported by such evidence. Under the court's instruction, the jury returned a verdict for defendant.

*Hutcheson, Carrington & Sears,* for appellant: The court erred in holding that, as the proceedings in the circuit court of the United States were void, and said court had no jurisdiction to try plaintiff on information filed, that plaintiff could not maintain an action for malicious prosecution against the prosecutor in the said circuit court, nor introduce in evidence certified copies of proceedings had in said court. (2 Greenleaf on Evidence, sec. 419; Morris v. Scott, 21 Wendell, 281; Bouer v. Clay, 8 Kansas, 580; Stone v. Stephens, 12 Conn., 219; Sweet v. Negus, 30 Mich., 406; Parli v. Reed, 2 Pac. Rep., 635; Hays v. Younglove, 7 B. Monroe, 545; Blackstone, book 3, p. 127; Bigelow on Torts, 88, 89, and cases cited; U. S. Rev. Stats., sec. 3892.)

The circuit court of the United States having held its process sufficient, and having tried appellant thereon, the appellee can not now question their sufficiency. (Parli v. Reed, 2 Pac. Rep., 635.)

In order to prove the fact of prosecution, it was necessary for appellant to produce in evidence certified copies from the United States circuit court of the voluntary affidavit, this information, and acquittal. Parol evidence was not admissible to show that he was prosecuted. The exclusion of these rendered all other evidence inadmissible. (Sublett v. Kerr, 12

Texas, 367; Sayles v. Briggs, 4 Metcalf, 421; 2 Greenleaf on Ev., sec. 450; 2 Addison on Torts, sec. 877; Blackstone, book 3, p. 126; 2 Starkie on Evidence, star page 677; 3 Phillips on Evidence, star pages 567, 568.)

*Charles E. Dwyer,* for appellee: The ruling of the court below in excluding the evidence offered and referred to in appellant's bill of exceptions, was correct, because it appears affirmatively from the record that the circuit court of the United States never acquired any legal jurisdiction of the subject matter, or of the person of appellant, for the reason that all the proceedings in that court were void *ab initio.* The proceedings in that court having been commenced by information filed by the United States district attorney, for an infamous crime, an offense that could only be prosecuted by indictment, they were absolutely void in their inception, and there is no legal evidence in the record to connect appellee therewith. (Fifth amendment, Constitution of United States; Statutes of United States, sec. 3892; Bixby v. Brundige, 2 Gray, 129; Ex parte Wilson, 114 United States Rep., 417; Braveboy v. Cockfield, 2 McMullen, South Carolina Court of Appeals, 270; 1 Hilliard on Torts, 426, note and cases cited; 1 American Lead. Cases, note, star page 209; Statutes of United States, sec. 1014.)

An action for malicious prosecution will not lie for making an affidavit charging another with an offense if no warrant is issued or arrest is made thereon; the action must be for slander. The United States commissioner was the only authority that could issue a warrant for the arrest of appellant upon the alleged affidavit offered in evidence, and it not appearing from the record that he did so, no cause of action is disclosed. (Munn v. Dupont et al., 1 Am. Lead. Cases, note star, 209; 1 Hill on Torts, 422, and note and authorities cited.)

It is admitted that the authorities are conflicting upon the question as to whether or not a void criminal proceeding is a sufficient basis for a suit for malicious prosecution; but, regardless of that question, there was no evidence offered in the court below to show that appellant has been injured by the rulings of that court. Appellant failed to offer any evidence tending to prove that any warrant was ever issued by the United States commissioner, or any other action taken by him upon the alleged affidavit, or any legal evidence tending to prove that appellee had any voluntary connections with any alleged

proceedings in the circuit court of the United States in the case
of the United States v. George Wood, or any legal evidence
tending to prove that the said case of the United States v.
George Wood has been terminated, or any evidence that ap-
pellant has been damaged by any act of appellee. (Collin v.
Kay, 6 S. W. Rep., 5, last clause of decision; Roundtree v. City
of Galveston, 42 Texas, 623; Guerin v. Patterson, 55 Texas,
124; King v. Pfeiffer, 62 Texas, 307; Bowles v. Beal, 60 Texas,
322; McCarty v. Wood, 42 Texas, 39; 1 Am. Lead. Cases, note
and authorities cited, star page 208.)

WALKER, ASSOCIATE JUSTICE. The questions of practice raised
by appellee are not well taken. The bill of exceptions shows the
precise grounds of the ruling of the court in excluding the cer-
tified copy from the United States circuit court, viz., "that the
United States circuit court had no jurisdiction (Ex parte Wil-
son, 114 U. S. Rep., 429); that the proceeding was a nullity, and
the evidence offered was not competent for any purpose in
this cause." The petition setting out these proceedings as
cause of action, it is manifest that, without evidence of them,
the plaintiff must necessarily fail; nor could the defect have
been cured by any testimony whatever. The ruling, if error,
was necessarily injurious to the plaintiff.

As to the failure of the clerk to certify that the copy was of
an affidavit by defendant, etc., the failure was unimportant
unless the certificate to these matters would have been testi-
mony. The custodian of judicial records, in giving copies, only
sets them out as they appear, and so certifies. The record and
the copies of affidavit and verdict speak for themselves.

Upon the effect of the excluded testimony authorities are
conflicting. Following the preponderance in them, and giving
due regard to the rights of individuals suffering personal in-
jury, we hold that one maliciously and without probable cause
putting into operation the machinery of judicial proceedings
resulting in the arrest and trial of the accused, thereby incurs
liability from which, when sued for malicious prosecution, he
is not relieved by the fact that the subsequent proceedings in
the prosecution so begun and in a court having jurisdiction of
the subject matter, were so irregular that, had a conviction
resulted, the judgment would have been a nullity. (11 Greenl.,
sec. 449; 1 Am. Lead. Cases, 209; Wait's Actions and Defenses,

secs. 338, 339; Morris v. Scott, 21 Wend., 281; Bouer v. Clay, 8 Kan., 583; Stone v. Stephens, 12 Conn., 225; Sweet v. Negus, 30 Mich., 406; Bixby v. Brundige, 2 Gray, 129; 7 B. Mon., 545; Turpin v. Remy, 3 Blackford, 215; and Allen v. Greenlee, 2 Devereaux, 371.)

For the error in excluding the certified transcript of the proceeding in the United States circuit court, the judgment below is reversed and the cause remanded.