## Richmond.

### AILSTOCK V. THE MOORE LIME CO.

November 23, 1905.

1. MALICIOUS PROSECUTION—*Suing out an Attachment before a Court without Jurisdiction.*—If an attachment be sued out maliciously and without any probable cause from a court without jurisdiction, and damage results from the levy of said attachment, the defendant in the attachment may sue the plaintiff therein for the damage so occasioned. The malicious suing out and levy of the attachment is sufficient basis for the action.

Error to a judgment of the Circuit Court of Botetourt county, sustaining a demurrer to the plaintiff's declaration in an action on the case. Plaintiff assigns error.

*Reversed.*

*Harvey & Nelson* and *DeWitt V. Lemon,* for the plaintiff in error.

*Benjamin Haden,* for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

This is an action on the case, brought by plaintiff in error, J. T. Ailstock, to recover of the defendant in error, the Moore Lime Company, damages for malicious prosecution of a civil suit.

The declaration alleges that the Moore Lime Company "went

and appeared before one W. R. Carper, then and there being one of the justices of the peace in and for the said county of Botetourt, and then and there before said justice falsely and maliciously, and without any probable or reasonable cause whatever, caused and procured the said justice to issue and grant it a writ of attachment against the said plaintiff and in favor of the said Moore Lime Company, as plaintiff therein, in the words and figures following, to-wit:

"Virginia:

"Botetourt county, to-wit:

"To R. L. Rudersill, deputy sheriff of said county:

"Whereas the Moore Lime Company have this day made before me, W. R. Carper, a justice of said county, a complaint on oath that they verily believe that they have a just claim against J. T. Ailstock for the sum of one hundred and thirty-six dollars and ninety-eight cents ($136.98) for debt due them for open store account (account herewith attached) and that the said Moore Lime Company has present cause of action therefor, and furthermore to the best of affiant's belief that the said J. T. Ailstock has or will have in the hands of W. G. Matthews estate sufficient to satisfy the claim of the said Moore Lime Company.

"These are therefore in the name of the Commonwealth to command you to attach the estate of the said J. T. Ailstock now in the hands of the said W. D. Matthews for the amount of the said claim, and make return thereof at Eagle Rock, Virginia, in the said county, on September 9, 1903, at 10 o'clock a. m., before me or such other justice of said company as may be there to try this attachment, showing the day and manner of executing the same.

"Given under my hand this 31st day of August, 1903.

"W. R. CARPER, J. P.

"And the said defendant afterwards, to-wit: on the same

day of the date of the said writ of attachment, delivered the same to R. L. Rudersill, a deputy sheriff of said county, and then and there maliciously, and without any reasonable or probable cause whatsoever, caused and procured the said deputy sheriff to execute the said attachment on W. G. Matthews in whose hands was a large sum of money, to-wit: $250 owing to the said plaintiff: that by reason of the execution of this writ of attachment the said W. G. Matthews refused to pay to the said plaintiff the whole or any part of the amount owing to him: that afterwards, to-wit: on the 12th day of September, 1903, the attachment proceedings were dismissed and abandoned by the said defendant." Then follows the allegation that by the wrongful and unlawful suing out and execution of said writ of attachment the plaintiff was damaged, etc.

To this declaration the Moore Lime Company demurred, which demurrer was sustained, and to that judgment this writ of error was awarded.

The sole question involved in the demurrer, necessary to be considered here, is, *"if an attachment be sued out from a court without jurisdiction, maliciously and without any reasonable or probable cause whatsoever, and damage results from the levy of the said attachment, can the malicious suing out and levy of the said attachment be made the basis for an action for damages?"*

This precise question has never been before this court, so far as we have been able to find from the reported cases and the authorities elsewhere seem hopelessly divided; though it seems to us that the best reasoned cases maintain the proposition that the action will lie.

It is clear from the declaration that the justice who issued the attachment complained of was wholly without jurisdiction. In the first place, the amount sued for ($136.98) was in excess of his jurisdiction, and his warrant sets out no ground upon which to issue an attachment.

By section 2961 of the Code, it is provided, that a justice

may issue an attachment against a debtor removing his effects out of the State; and by section 2962, that he may issue an attachment against a tenant removing his effects from the leased premises. But neither of these grounds for the attachment appears in the justice's warrant in this case. It merely shows that the debt sued for was due and owing and was an open store account for $136.98, which is in excess of a justice's jurisdiction, the limitation of the jurisdiction of a justice in such cases being $100.00. Section 2939, Va. Code, 1904.

"It has been considered," says Chitty in his work on Pleading, vol. 1, p. 204, "that when civil proceedings, in an inferior court having no jurisdiction over the debt, are adopted by a party with an express malicious intent, though there be a demand recoverable elsewhere, an action on the case may be supported;" and, on p. 149 of the same volume, citing a number of authorities, the same author says: "If the proceeding be malicious and unfounded, though it were instituted in a court having no jurisdiction, case may be supported, or trespass."

In a note by Hare & Wallace, 1 Am. Lead. Cas., 260, it is said: "An action lies also for maliciously holding to bail, or maliciously attaching property, under the process of a court which has no jurisdiction. And it lies for maliciously suing out an attachment, and attaching the plaintiff's property, where nothing is due, or for more than is due. It lies also for maliciously suing out a domestic attachment, where either there is nothing due, or the party has not rendered himself legally liable to such process." Among the many authorities in support of the text is the case of *Goslin* v. *Wilcock*, 2 Wilson 302, which has been cited with approval in the cases which we will hereafter refer to, and in many others.

In *Boon* v. *Maul*, 3 N. J. Law 862 where it was held that suit lies for maliciously attaching property by writ from a court without jurisdiction, the opinion says: "The counsel for the defendant below, the plaintiff in this court, now insist that

the declaration is defective, inasmuch as it does not contain an averment that the defendant knew that the Common Pleas of Philadelphia had not jurisdiction of the cause. In the case of *Goslin* v. *Wilcock*, 2 Wil. 302, which case very much resembles the present, in point of principle, this averment was not considered essential. It appears to me that if a man maliciously makes use of the process of law, with an intention to vex and distress another, that he does it at his peril; he must see to the legality of the proceedings."

The Supreme Court of Ohio has uniformly held to the same doctrine. See *Fortman* v. *Rottier, &c.*, 8 Ohio St. 548, 70 Am. Dec. 606, and *Coal Co.* v. *Upson*, 40 Ohio St. 17. In the last named case, the opinion says: "It may now be considered the approved doctrine that an action for the malicious prosecution of a civil suit may be maintained whenever, by virtue of any order or writ issued in the malicious suit, the defendant in that suit has been deprived of his personal liberty, or of the possession, use or enjoyment of property of value."

In *Hay* v. *Younglove*, 7 B. Mon. 545, it was held, that where a proceeding was malicious and unfounded, though instituted before a court having no jurisdiction, either trespass or case may be maintained.

To the same effect is *Brand* v. *Hinchman*, 68 Mich. 590, 36 N. W. 664, 13 Am. St. Rep. 362, where it was held—citing a number of authorities—that the action would lie, even where there had been no arrest or seizure of property.

In *Morris* v. *Scott*, 21 Wend. 281, 34 Am. Dec. 236, the Supreme Court of New York, held, that "An action on the case for a malicious prosecution lies against a party who falsely and maliciously prosecutes another, although the court in which such prosecution was had was utterly destitute of jurisdiction in the matter;" and that all that was necessary to maintain such an action was the malice and falsehood of the prosecution.

In *Kerr* v. *Mount*, 28 N. Y., 659, a case very similar to the one under consideration, the opinion by Denio, C. J., says:

"The process being void, the party who set it in motion, and all persons aiding and assisting him, were *prima facie* trespassers. If, though void as respects the party, it were yet regular and apparently valid on its face, it might protect the officer against an action, on the principle of *Savacool* v. *Boughton* (5 Wend. 170); but this protection, being extended to the officer upon motives of policy, would not at all aid the party. Acts which the officer might justify would be trespasses against the party. There is no principle with which I am acquainted which can shield the defendant from the damages which the plaintiff has sustained by his wrongful act in causing this property to be seized under a void warrant of attachment."

In *Antcliff* v. *June,* 81 Mich. 477, 45 N. W. 1019, 10 L. R. A. 621, 21 Am. St. Rep. 533, also similar in many respects to the case we have under consideration, after showing that "latterly the American authorities are tending strongly and increasing rapidly in favor of the maintenance of a suit for malicious prosecution where no property is seized and the person is not molested," and that the exact point had not been passed on by that court before, the opinion says: "I am satisfied, however, that if the wrong and injury is done by a malicious suit, it is immaterial, upon principle, whether the court had jurisdiction or not to entertain such suit. For every malicious wrong there is certainly in this day and age a remedy; and, under our liberal system of pleading in this State, a plain and clear statement of the facts constituting the wrong is sufficient, and it is but little matter, in actions of trespass on the case, what the action is named or called." In Michigan there is a similar statute to section 2901 of our Code, which provides that an action of trespass on the case may be maintained where an action for trespass would lie.

The line of authorities from which we have made the foregoing citations maintain, that it is as much a wrong to disturb ones property or peace, or to injure his reputation and credit by the prosecution, maliciously, of a civil suit, as it is to prose-

cute one maliciously and without probable cause, by which the person is wronged, going upon the common law principle, that for every injury there is a remedy, and to deny remedy in such case would violate this wholesome principle. They maintain that when the plaintiff sets the law in motion, he is the cause, if it be done groundlessly and maliciously, of the defendant's damage, and that while a void process of law upon which ones property is seized, or he is deprived of his liberty, might, upon motives of public policy be sufficient to protect the officer executing the process, it would not at all aid the party who began and carried on the action with malice and without probable cause.

There is unquestionably a strong array of authority for the opposite view, but, as we have remarked, the question has never been determined in this State, and we are, therefore, at liberty to adopt the view that we think is founded on the better reason, and that view is in accordance with that taken in the authorities we have cited and as expressed pointedly by Pennington, J., in *Boon* v. *Maul, supra,* viz: That if one maliciously makes use of the process of law, with an intention to vex and distress another, he does it at his peril. He must see to the legality of the proceedings. This is the *gravamen* of the charge made in the declaration in this case, and we are of opinion that the demurrer thereto should have been overruled.

The judgment of the Circuit Court will, therefore, be reversed and annulled, the demurrer overruled, and the cause remanded for a trial upon its merits.

*Reversed.*