# Rutherford *v.* Dyer.

## *Malicious Prosecution.*

(Decided April 17, 1906. 40 So. Rep. 974.)

1. *Malicious Prosecution; Evidence; Warrant and Affidavit; Defenses.*—A warrant and affidavit made by the defendant upon which plaintiff was arrested, whether defective or not, is competent evidence on trial for malicious prosecution, and the defendant cannot be heard to question the sufficiency of same.

2. *Malicious Prosecution; Termination of Prosecution.*—Where the transcript of the proceedings before the justice of the peace showed that the prosecution against plaintiff had been dismissed on motion of counsel representing the state on the grounds of the minority of the defendant in the prosecution, who was acting under instructions of her mother, it was no grounds of objection that such transcript did not show that the charges against plaintiff had been judicially determined and the plaintiff discharged.

3. *Evidence; Competency; Self-Serving Declarations.*—It was proper not to allow the justice before whom the prosecution was instituted to testify that just before the prosecution was called, the prosecutor (defendant) stated that he desired the prosecution dismissed.

4. *Same; Documents; Preliminary Proof.*—Where a lease was pro-

[Rutherford v. Dyer.]

duced and on the back of same was a written transfer acknowledged before a notary, and a witness testified that he knew the handwriting of the lessee and the hand-writing of the parties to the lease and the transfer, respectively, and that the signatures were those of the parties purporting to have executed the lease and transfer, such lease was properly admitted in evidence over an objection that the same had not been properly proven.

5. *Malicious Prosecution; Evidence; Competency.*—It is competent to prove by the introduction of a lease covering the time of the alleged trespass, that the father of the alleged trespasser was in possession of the land in question as a tenant under the owner, in a suit for malicious prosecution growing out of a prosecution for trespass upon such land. Nor was there error in permitting the lessee to state that immediately after the execution of the lease he went on the land and repaired the fences and pruned some of the trees.

6. *Same; Instructions.*—It is proper instruction in a prosecution for malicious prosecution, that whatever is wrongfully, vexatiously and purposely done is in law maliciously done; that if the jury believe there was not probably cause for suing out the prosecution, the jury might infer malice from a want of such probable cause; and that in case they found the issue in favor of the plaintiff the form of their verdict should be, etc.

7. *Same.*—It is proper to refuse instruction that malice is a formed design to unlawfully do mischief or injury to another, and that unless the jury believe that the defendant had a formed design unlawfully to do mischief or injury to the plaintiff they must find for the defendant.

APPEAL from Cullman Circuit Court.

Heard before HON. O. KYLE.

This was an action by appellee, as next friend of Susie Dyer, against appellant, in malicious prosecution. The suit was commenced in justice court, and the cause appeared there on the docket as "A. J. Dyer v. W. M. Rutherford." Judgment was rendered against the defendant in the justice court, and taken by him by appeal to the circuit court, where a complaint was filed by A. J. Dyer, as next friend of Susie Dyer, against William Rutherford. On trial, after identification of the affidavit and warrant by the justice of the peace who issued them, it

was admitted in evidence over the objection of the defendant, who insisted that it was illegal, immaterial, irrelevant testimony, and because the affidavit charged no offense against Susie Dyer. The warrant and affidavit were in words and figures as follows:

"State of Alabama, Cullman County. Justice Court. To Any Lawful Officer of Said State: Complaint on oath having been made before me that the offense of trespass after warning has been committed, and accusing Fanny A. Dyer and Susie Dyer thereof, you are therefore commanded forthwith to arrest Fanny A. Dyer and Susie Dyer and bring them before me. Dated this 23rd day of July, 1903. (Signed) John Rehberg, Justice of the Peace.

"State of Alabama, Cullman County. Before me, John Rehberg, a justice of the peace of beat 18 in and for said county, personally appeared W. M. Rutherford, who, being duly sworn, deposes and says that on the 22d day of July, 1903, in said county, the offense of trespass after warning, is guilty thereof, in the opinion of complainant committed, and that Fanny A. Dyer and Susie Dyer are guilty thereof. (Signed) W. M. Rutherford.

"Sworn to and subscribed before me this, the 23rd day of July, 1903. (Signed) John Rehberg, Justice of the Peace."

It being admitted in open court by the attorneys representing plaintiff and defendant that the transcript of the proceedings might be used in lieu of the original entries as testimony, subject to other legal exceptions, the justice of the peace was shown what purported to be a transcript of the judgment in the case of State of Alabama v. Fanny A. Dyer and Susie Dyer, identified the same as a true and correct transcript of the judgment entry on the original docket, and the plaintiff thereupon offered in evidence said transcript, which is in words and figures as follows:

"The State of Alabama, Plaintiff, v. Fanny A. Dyer and Susie Dyer, Defendants. Defendants Dyer were brought before this court this 27th day of July, 1903,

upon a writ of arrest for trespass after warning issued by this court on the 23d day of July, 1903, upon the complaint under oath of W. M. Rutherford. Defendants asked time to employ counsel, which was granted, and trial set for 10 o'clock a. m., July 30, 1903. In the absence of the bonded constable for precinct No. 18, this court appointed Bird Speakman to act in this case, and said Speakman made due service and return on said writ of arrest July 30, 1903. This cause coming on for hearing and the defendant being in open court, the state being represented by F. E. St. John, and the defendant by W. T. L. Cofer, upon motion of said St. John to dismiss the case as to Susie Dyer, sufficient cause being shown to the court that defendant Susie Dyer, being a minor child about 13 years of age, and that said Susie Dyer acted under instructions of her mother, Fannie A. Dyer, the codefendant in this action, therefore it was ordered, adjudged, and decreed by this court that the prosecution as to Susie Dyer be dismissed, and that she go hence."

The defendant objected to this transcript because it does not show a judicial investigation of the charges against Susie Dyer and a judicial determination of the case, the defendant moved the court to exclude all the testimony on the ground that this was an action by A. J. Dyer personally, and the testimony given had reference to the arrest of and the prosecution of Susie Dyer. The court overruled the motion and the defendant excepted.

The plaintiff requested the following written charges: Charge 1: "The court charges the jury that a malicious act is whatever is wrongfully, vexatiously, and purposely done, is in law maliciously done." Charge 2: "The court charges the jury that, if they believe from the evidence in this case that there was not probable cause for the suing out of the prosecution against Susie Dyer, then the jury may infer malice from the want of probable cause on the part of the defendant." Charge 3: "The court charges the jury that, if they find the issue in this case in favor of the plaintiff, the form of their verdict should be as follows: 'We, the jury, find the issues in

[Rutherford v. Dyer.]

favor of the plaintiff and assess his damages at the sum of————dollars. ————Foreman.'"

The court gave each of these charges.

The defendant requested the court to give the following charges, which were refused: Charge 1: "The court charges the jury that, if they believe the evidence in this case, they must find for the defendant." Charge 2: "The court charges the jury that they may look to the fact that defendant caused the prosecution to be dismissed against Susie Dyer as a circumstance tending to show that the defendant was not actuated by malice towards Susie Dyer in having her arrested, then their verdict must be for the defendant." Charge 3: "The court charges the jury that under the evidence in this case there was probable cause for the defendant having Susie Dyer arrested on the charge of trespass after warning." Charge 4: "The court charges the jury that under the undisputed evidence in this case Mr. Parker advised the defendant, through Mr. Koon, that the prosecution could be maintained against Susie Dyer." Charge 5: "Malice is a formed design to unlawfully do mischief or injury to another, and, unless the jury believe from the evidence that the defendant had a formed design unlawfully to do mischief or injury to Susie Dyer in having her arrested, the jury must find for the defendant."

There was judgment and verdict for plaintiff for $25.

F. E. St. John, for appellant.—The affidavit charged no offense, and was improperly admitted in evidence.—*Williams v. The State,* 88 Ala. 80. The transcript of the J. P. docket should not have been admitted. The question to the justice of the peace touching the dismissal of the prosecution and the declarations of the prosecutor that he did not desire to prosecute accused were admissible in evidence as tending to show want of malice.—*Lunsford v. Dietrich,* 93 Ala. 565; *Marks v. Hastings,* 101 Ala. 165. The execution of the lease was not shown and the lease was inadmissible.—*Hayes v. S. H. B. & L. A.,* 124 Ala. 663. The question to Dyer as to how he went into possession of the property and to his wife as to how she

got possession of the lease was immaterial, and its admission error.—*Normant v. Eureka Company,* 98 Ala. 189; *Hughes v. Anderson,* 79 Ala. 415. The statute prescribes that infants must sue by next friend, and does not authorize a person to sue for the infant.—Section 17, code 1896. Charge 1 requested by plaintiff should have been refused.—*Hughes v. Anderson,* 68 Ala. 280. The same may be said of charge 2.—*Chandler v. McPherson,* 11 Ala. 916; *Long v. Rogers,* 19 Ala. 321; *Ewing v. Sanford,* 21 Ala. 157. Charge 1 requested by the defendant should have been given.—Civil code, § 17. It should also have been given for the reason that the evidence disclosed that there was probable cause for the prosecution.—*Sweeny v. Bienville Co.,* 121 Ala. 454; *Whitehurst v. Ward,* 12 Ala. 264. Charge 2 requested by the defendant should have been given.—*Marks v. Hastings, supra; Lunsford v. Dietrich, supra.* Charge 5 correctly defined malice and should have been given.—*Stoball v. State,* 116 Ala. 454.

W. T. L. COFER, for appellee.—No brief came to the reporter.

HARALSON, J.—1. The affidavit and warrant on which the plaintiff in this suit was arrested, in the alleged malicious prosecution suit against her, it may be admitted falls short of being perfect,—a question we need not decide,—but the defendant here made the affidavit and caused the warrant to be issued in that case for the arrest of the plaintiff, and under which she was arrested, and he cannot now be heard to question the sufficiency of either of them. They were competent evidence and properly admitted against the objection of the defendant, as constituting the basis of the alleged malicious prosecution.—*Forrest v. Collier,* 20 Ala. 175, 56 Am. Dec. 190; *Thompson v. Richardson,* 96 Ala. 488, 11 South. 728.

The objection that the transcript from the justice of the peace court did not show that the charge against Susie Dyer had been judicially investigated and the prosecution ended, was without merit.

2. The summons and complaint in the justice of the peace court, show a suit by A. J. Dyer, as next friend of Susie Dyer, and the complaint in the circuit court shows the same thing. It sufficiently appears that it was not his individual suit, and the court committed no error in refusing to exclude all the evidence on the ground that that suit was in the name of A. J. Dyer as plaintiff individually.

3. The objection to the question asked the justice of the peace, when examined as a witness, "Did not defendant, W. M. Rutherford, state to you, immediately before the case against Susie Dyer was called, that on account of Susie Dyer being a minor and acting uner the influence of her mother, Fanny A. Dyer, that he desired the prosecution against Susie Dyer dismissed?" was properly sustained. The evidence sought was open to the construction, that the defendant was attempting in what he told the justice, to manufacture evidence to relieve himself of a wrong he had already done said Susie Dyer.

4. The property on which said Susie Dyer was arrested for trespassing, was what was known as the Experimental Garden Reservation in Vinemont, consisting of a number of acres. A. J. Dyer testified that on the 22d of July, 1903, and for months prior thereto, he was in the actual possession of said land, exercising acts of possession and ownership over it. The witness was shown a written lease from John Moffat, the owner of the premises, to J. Z. Barncard, for considerations therein expressed, dated the 8th of February, 1902, for two years, with the privilege of three, which lease was signed by the said Moffat and Barncard. On the back of the lease, was a written transfer acknowledged before a notary public. Said Dyer testified that he knew the writin of said Moffat and Barncard to the lease, and that of Barncard to the transfer, and that said signatures were in the handwriting, respectively, of the parties purporting to have executed them. The defendant objected to the introduction of the lease and transfer in evidence, because the execution of the lease and transfer had not been properly proven, and because the evidence proposed was illegal

and irrelevant. The proof offered of the execution of the papers was direct, positive and competent. If said Moffat was the owner of the property, which is not denied, and it was in the possession of the said Dyer under said lease, and said Susie Dyer went on the property during the time of the lease, she was not a trespasser against the defendant. There was, furthermore, no error in allowing the witness to state that he went on the land immediately after the lease, repaired its fences and pruned its trees. Nor was there error in allowing the witness, Fanny A. Dyer, the wife of A. J. Dyer, to state that the lease from Barncard to A. J. Dyer, came to her through the mail with the transfer on it. The evidence tended to show that Barncard lived out of this state.—*E. & P. M. Co. v. Gibson*, 62 Ala. 369.

5. There was no error in charges 1, 2 and 3 given as requested for plaintiff.—*McLeod v. McLeod,* 75 Ala. 486; *So. C. & F. Co. v. Adams,* 131 Ala. 156, 32 South. 503.

6. There was no room for the general charge requested by the defendant.

The second refused charge, if otherwise correct, is argumentative, and subject to the vice of singling out and making prominent a particular fact. The fourth charge is subject to the latter vice, and is misleading.

The fifth charge, whatever may be said of the principle generally, was clearly bad in the case. A desire for revenge or to injure the defendant is not necessary to subject the prosecutor to liability. "Any other motive than a bona fide purpose to bring the accused to punishment as a violator of the criminal law, or associated with such bona fide purpose, is malicious."—*Lunsford v. Dietrich.* 93 Ala. 569, 9 South. 308, 30 Am. St. Rep. 79.

Affirmed.

All the justices concur. .