(80 South. 137)

## HOTEL SUPPLY CO. v. REID. (6 Div. 400.)

(Court of Appeals of Alabama. Nov. 12, 1918.)

1. MALICIOUS PROSECUTION ☞3 — ACTION ON CASE—"COLORABLE CAUSE OR INVOCATION OF JURISDICTION."

Where it is shown that prosecution was prompted by malice and was without probable cause, and a colorable cause or colorable invocation of jurisdiction is shown, a "colorable cause or invocation of jurisdiction" being where a person, apparently qualified, has appeared before justice and made complaint under oath and in writing, stating some facts which in connection with other facts constitute a criminal offense or bearing a similitude thereto, an action on the case for malicious prosecution will lie.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Colorable Cause.]

2. MALICIOUS PROSECUTION ☞71(1) — EVIDENCE—DIRECTION OF VERDICT.

In action for malicious prosecution and false imprisonment based on the issuance of a check without funds, where the evidence was in conflict as to whether defendant procured the check to be given with knowledge that there were no funds, it was not error to refuse defendant the affirmative charge.

3. TRIAL ☞253(8) — INSTRUCTIONS IGNORING EVIDENCE—MALICIOUS PROSECUTION.

In an action for malicious prosecution and false imprisonment based on the issuance of a check without funds, an instruction that, if plaintiff knew he had no funds and gave the check with intent to injure or defraud, a verdict could not be returned for him, was properly refused as ignoring evidence that the check was given at defendant's instance with knowledge of the lack of funds.

4. MALICIOUS PROSECUTION ☞72(4) — INSTRUCTIONS—MALICE.

In an action for malicious prosecution and false imprisonment, based on the issuance of a check without funds, an instruction that the law does not imply malice from want of probable cause was properly refused as being misleading, where evidence as to the purpose of the check and defendant's knowledge thereof was conflicting.

5. PROCESS ☞168 — "ABUSE OF CRIMINAL PROCESS"—COLLECTION OF DEBTS.

Where the purpose of a prosecution for issuance of a check without funds was to collect a debt, the prosecution constituted an abuse of criminal process.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Abuse of Process.]

6. MALICIOUS PROSECUTION ☞22—DEFENSES—ADVICE OF COUNSEL.

That a defendant in an action for malicious prosecution and false imprisonment acted on the advice of a magistrate in instituting the prosecution constituted no defense, although the magistrate was a lawyer.

Appeal from Circuit Court, Jefferson County; C. W. Ferguson, Judge.

Action by John Reid against the Hotel Supply Company for damages for malicious prosecution and false imprisonment. Judgment for plaintiff, and defendant appeals. Affirmed.

The complaint charges that H. F. Burton, acting within the line and scope of his employment or agency, maliciously and without probable cause therefor, caused plaintiff to be arrested under a warrant issued by H. P. Abernathy, judge of the municipal court of Birmingham, on May 23, 1916, on the charge of a worthless check, which charge had been judicially investigated before this action, and said prosecution ended and plaintiff discharged. It appeared that on the trial of the case the clerk of the municipal court of Birmingham was present with the docket of said court, and the entry therein in the case of the State v. John Reid showed the following judgment entry: "June 2, 1916. Case dismissed for want of jurisdiction, and defendant discharged." Thereupon, the witness was handed a copy of the warrant and affidavit. This was objected to by defendant on the ground that it charged no offense and was irrelevant.

The following charges were refused to defendant:

Assignment 4. If you are reasonably satisfied from all the evidence that plaintiff gave the check offered in evidence in payment of meat, part of which was received by him at the time, and then had no funds, or not sufficient funds in bank to meet the check, and knew that fact, and had no intention at that time of depositing funds to meet the check, and that he gave that check with intent to injure or defraud, you cannot find for plaintiff.

Assignment 5. I charge you, gentlemen, that the law does not imply malice from the fact that there was no probable cause for believing the person arrested to be guilty of the offense charged against him.

J. L. Drennen, of Birmingham, for appellant.

Hugh H. Ellis, of Birmingham, for appellee.

BROWN, P. J. As to whether a prosecution before a court or officer without jurisdiction of the offense will support an action on the case for malicious prosecution, there is considerable conflict of authority. 18 R. C. L., p. 20, § 10. There is a like conflict as to whether an indictment, complaint, or affidavit that charges no offense against the law, and upon which process issues for the seizure of the person, can be made the basis of such action. The questions stated are categorically the same, for it is manifest that a complaint or indictment that charges no

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

offense is impotent to confer jurisdiction. The conflict arises, not on a question of substantive law fixing or denying liability, but as to a question of procedure—whether the plaintiff should bring case or trespass.

[1] Where it is shown that a prosecution was prompted by malice and was without probable cause, and a "colorable cause" or a "colorable invocation of jurisdiction" is shown—and "by a colorable cause or colorable invocation of jurisdiction," as applied to cases like the instant one, we understand and mean that some person apparently qualified to do so has appeared before the justice and made his complaint under oath and in writing, stating at least some fact or facts which enter into and may under some conditions or in co-operation with some other unstated fact or facts constitute a criminal offense, or stating some fact or facts which bear some general similitude to a fact or facts designated by law as constituting an offense" (Broom v. Douglass, 175 Ala. 268, 57 South. 860, 44 L. R. A. [N. S.] 164, Ann. Cas. 1914C, 1155; Blancett v. Wimberley, 78 South. 318; Canter v. Harris, 82 South. 580), reason and the weight of authority sustain the rule that an action on the case for malicious prosecution will lie (Rutherford v. Dyer, 146 Ala. 665, 40 South. 974; Forrest v. Collier, 20 Ala. 175, 56 Am. Dec. 190; Thompson v. Richardson, 96 Ala. 488, 11 South. 728; Ward v. Sutor, 70 Tex. 343, 8 S. W. 51, 8 Am. St. Rep. 606; Sutor v. Wood, second appeal, 76 Tex. 403, 13 S. W. 321; Goslin v. Wilcock, 2 Wils. 305; Stone v. Stevens, 12 Conn. 219, 30 Am. Dec. 611; Antcliff v. June, 81 Mich. 477, 45 N. W. 1019, 10 L. R. A. 621, 21 Am. St. Rep. 533; Stubbs v. Mulholland, 168 Mo. 47, 67 S. W. 650; Boon v. Maul, 3 N. J. Law, 862; Newfield v. Copperman, 47 How. Prac. [N. Y.] 87; Hudson v. Cook, 2 Shower, 333; Ailstock v. Moore Lime Co., 104 Va. 565, 52 S. E. 213, 2 L. R. A. [N. S.] 1100, 113 Am. St. Rep. 1060, 7 Ann. Cas. 545; Calhoun v. Bell, 136 La. 149, 66 South. 761, Ann. Cas. 1916D, 1165; Morris v. Scott, 21 Wend. [N. Y.] 281, 34 Am. Dec. 236; Shaul v. Brown, 28 Iowa, 37, 4 Am. Rep. 151; Williams v. Vanmeter, 8 Mo. 339, 41 Am. Dec. 644; Dennis v. Ryan, 65 N. Y. 385, 22 Am. Rep. 635; McIntosh v. Wales, 21 Wyo. 397, 134 Pac. 274, Ann. Cas. 1916C, 273).

In one of the leading cases it was said:

"In a technical sense, no crime was charged; but one was sufficiently stated to entitle the proceedings to be called a prosecution. It was deemed sufficient by the complainant and the magistrate, and would have seemed to be so, perhaps, to most men. It was hurtful to the plaintiff in the extreme. It was none the less a prosecution because defended on the law and not the facts. The defendant is estopped to deny that it was a legal prosecution, excepting so far as its illegality may affect the question of damages. The reason of the thing is so strong we do not feel it is necessary to invoke the aid of any authorities on the question." Finn v. Frink, 84 Me. 261, 24 Atl. 851, 30 Am. St. Rep. 348.

What was said in Sheppard v. Furniss, 19 Ala. 760, is not in conflict with the views above expressed. In that case, the court said:

"There is no averment in the count that any process was issued by virtue of the affidavit, or that the plaintiff was arrested on or by virtue of any process. It is very clear that, to constitute this a good count in case, it should have averred the issuance of process, that the process should have been properly described, and that it should have further averred that the plaintiff was arrested and imprisoned by virtue thereof."

[2] The rulings of the court on the demurrers to the complaint and the defendant's objection to the admission of the affidavit and warrant in evidence was free from error. Rutherford v. Dyer, supra. This case can be clearly differentiated from the case of Chambliss v. Blau, 127 Ala. 88, 28 South. 602. In the case at hand the defendant made an affidavit charging the plaintiff with the offense denounced by section 1 of the act approved August 31, 1915 (Acts 1915, p. 319), and procured the issuance of a warrant thereon. While the evidence shows that there were no funds on deposit to plaintiff's credit at the bank on which the check made the basis of the prosecution was drawn, the evidence is in conflict as to whether this was known to the defendant at the time the check was given and as to whether the defendant procured the check to be given and postdated with the knowledge that the plaintiff was without funds on deposit to pay the check, and there was some evidence tending to show that the prosecution was prompted by malice and was without probable cause. Defendant was therefore not entitled to the affirmative charge.

[3] The charge made the basis of the fourth assignment of error ignores the evidence offered by plaintiff that the check was given and postdated at the instance of the defendant, with the knowledge on the part of the defendant that there were not sufficient funds in the bank to authorize the bank to pay the check.

[4, 5] The charge made the basis of the fifth assignment of error was properly refused as misleading. The defendant's theory of the case was that he accepted the check in good faith in payment of a debt, without knowledge that the plaintiff did not have funds in the bank to pay the check, while that of the plaintiff was that the check was given at the instance of the defendant and postdated with full knowledge of the fact that plaintiff did not have money to his

credit to pay it, and the subsequent conduct of the plaintiff was not relevant to the issues in the case. There was some evidence tending to show that the purpose of the prosecution was to collect a debt, and, if that is true, the prosecution was an abuse of criminal process, and justified the comment embodied in the oral charge of the court.

[6] The fact that the defendant acted on advice of the magistrate in instituting the prosecution, although the magistrate was a lawyer, does not constitute a valid defense. Mark & Co. v. Hastings, 101 Ala. 165, 13 South. 297; Finn v. Frink, supra.

There is no error in the record.

Affirmed.