# Monarch Livery Co. *v.* Luck.

*Damages for Collision.*

(Decided November 13, 1913.   63 South. 656.)

1. *Evidence; Competency.*—Where the action was against a livery company for injuries from a collision with its horse and buggy, evidence that the wife of a doctor, who boarded his horse with defendant had telephoned to send the team to the doctor, was competent as tending to connect the defendant with a horse answering the description of the doctor's horse, and with sending the boy with it to the doctor.

[Monarch Livery Co. v. Luck.]

2. *Same.*—Where it was sought to show that a team which collided with plaintiff was owned by defendant and driven by a negro boy in his employment, the subsequent acts of the negro boy after the collision were incompetent.

3. *Master and Servant; Injury to Third Person; Instruction.*—A general charge for defendant was properly refused where from the evidence the jury might have inferred that the horse and buggy belonged to a third person, and was in charge of a boy delegated by defendant to take it to such third person, and that the boy was acting within the line and scope of his authority, when he collided with plaintiff's team.

4. *Same.*—An instruction that there must be evidence satisfying the jury that the driver was defendant's agent acting in the line of his authority when the collision occurred should have been given.

5. *Same.*—A charge asserting that if the horse and buggy belonged to a third person when plaintiff was injured, the law presumes that they were in his possession, or the possession of his agent was not proper in this action.

6. *Damages; Personal Injury; Loss of Earnings.*—A charge instructing that plaintiff's average earnings were so much, and that he lost so much time, was not erroneous as authorizing damages both for loss of time and average earnings.

7. *Charge of Court; Degree of Proof.*—A charge asserting that plaintiff could not recover if the jury were left uncertain as to whether the servant of defendant was driving a horse at the time of the collision, was properly refused.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by George W. Luck against the Monarch Livery Company, a corporation, for damages for collision. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

The facts made by the complaint are that defendant was driving a horse and buggy upon a public street in the city of Birmingham, and that while plaintiff was in a vehicle to which a horse was attached, also upon the public streets, defendant's horse and buggy ran into the vehicle in which plaintiff was, throwing plaintiff out, bruising him and otherwise injuring him, and that plaintiff's injuries were proximately caused by the negligent way in which defendant conducted itself in and about

the management of the horse and buggy. The second count was for wanton injury, and it is alleged that the servant or agent in charge of defendant's horse and buggy wantonly or intentionally caused such injury and damage. The third count was based on a speed ordinance of the city of Birmingham, which is set out in the complaint.

The testimony tended to show that the horse and buggy which collided with plaintiff belonged to Dr. Masterson, a practicing physician in the city of Birmingham, who kept his horse and buggy at the Monarch Livery Company's stable, and that when telephoned to do so the livery stable people sent it from the stable to the house by one of its servants or agents, usually a negro boy. This witness testified that a little black boy brought the horse and buggy that morning. "He did not bring the horse. The boy himself eventually got to my house; but he did not get there with the horse. The boy was not in my employment, nor that of Dr. Masterson." Harris, a witness, said that he saw the collision, about 30 or 40 feet away, and that the little darkey was standing up in the buggy whipping the horse with the lines, and drove right in between the curbstone and Mr. Luck's wagon, ran into the wagon, and threw Luck out. The horse was going at a pretty good gallop. The defendant offered no evidence; the plaintiff, of course, having offered evidence of his damages and injuries.

The oral charge excepted to was as follows: "Now, you have heard the evidence on that—that his average earnings were so much, and that he lost so much time. That would be an element of recovery in the case, if there should be a recovery." The following is charge 1 given for the plaintiff: "The court has, at the request of defendant, given the following charge: 'No matter who the boy was employed by or for, if he was not in the

service of defendant and in the line of his employment, plaintiff cannot recover.' In explanation of this, the court further charges the jury that this does not mean that the employment of the boy must have been permanent, or for any fixed or regular pay. One sending of the boy might constitute putting him in the service of defendant in the meaning and intent of the law."

The following charges were refused defendant: (9) "I charge you that there must be evidence strong enough to reasonably satisfy you that the negro was defendant's agent, acting in the line of his authority, before you can find for plaintiff." (5) "If the evidence in this case leaves you in a state of uncertainty as to whether or not defendant's servant was driving the horse, you cannot find for plaintiff." (7) "If the horse and buggy belonged to Dr. Masterson when plaintiff was injured by it, the law presumes it was in his possession, or the possession of his agent, at the time."

ALLEN & BELL, for appellant. Before plaintiff can recover it must appear that the person whose negligent act caused the injury was in fact a servant, agent or employee of defendant, and that at the time he was acting within the line or scope of his employment by defendant.—*Abingdon Mills v. Grogan,* 167 Ala. 146. Evidence is not admissible either to prove or disprove an agency which is entirely consistent with the contention thereby sought to be controverted.—31 Cyc. 1650. The evidence does not show that at the time of the alleged injury the boy was acting within the line or scope of his employment by defendant, and evidence on this point is clearly essential.—*Johnson v. A. F. & I. Co.,* 166 Ala. 534; 14 A. & E. Enc. of Law, 809; 5 L. R. A. (N. S.) 598. The evidence as to the earnings of plaintiff was too fluctuating and uncertain.—*Byrne Mill Co. v. Robinson,*

149 Ala. 273; *Moulthrop, et al. v. Hyett, et al.,* 105 Ala. 493. Counsel discuss the charges refused, but without citation of authority.

HARSH, BEDDOW & FITTS, for appellee. Under the facts in this case it may be inferred that the driver was engaged in the master's business, and subject to its control.—*B. R. L. & P. Co. v. Leach,* 59 South. 358; *Tombigbee V. R. R. Co. v. Still,* 60 South. 547; 89 N. W. 702; 88 S. W. 936; 26 Pa. Sup. Ct. 603; 71 N. W. 1081; 61 Ala. 432; 99 Am. St. Rep. 932; *Chamberlain v. So. Ry.* 159 Ala. 176; *Culver v. Ala. Mid.,* 108 Ala. 335. On these authorities there was no error in the admission of evidence. There was no error in the admission of evidence as to damages.—4 Sutherlin, sec. 1246; 1 Am. Neg. Rep. 263; 52 L. R. A. 36; 88 Cal. 159. Counsel discuss charges, but without further citation of authority.

ANDERSON, J.—While the proof in this case is by no means conclusive, or even very specific, as to the identity of the horse and buggy that collided with the plaintiff's wagon, or that the boy in control of the same was the servant of this defendant, yet the evidence was such as to enable the jury to infer that the horse and buggy belonged to Dr. Masterson and was in charge of a boy delegated by the defendant to take it to the owner, and who was boarding the said horse at the defendant's stable. The jury could also infer that the boy was acting within the line or scope of his duty to deliver the said horse and buggy when he ran into or collided with the plaintiff's vehicle. We are not, therefore, prepared to say that the trial court erred in refusing the general charge requested by the defendant, either upon the theory that the identity of the horse and buggy was not established or that the same had not been put in control of

the boy by this defendant for the purpose of delivering same to the owner, and who was attempting to do so at the time of the injury.

There was no error in permitting the witness Mrs. Masterson to testify that she telephoned the defendant's stable early that morning to send the horse to the doctor. The use of the telephone is a well-known method of communication, and when she telephoned the defendant, her direction was presumptively received by some one in the stable whose duty it was to answer telephone calls. It was also competent, when taken in connection with all the other evidence, as tending to connect the defendant with the horse answering the description of Dr. Masterson's, and of placing the boy in charge of same in obedience to the order of the witness to send the said horse and buggy out to Dr. Masterson.

The fact that a little heavy-set negro boy, 10 or 12 years old, came to Dr. Masterson's house that morning, instead of the horse and buggy, was not competent. In the first place, he was not identified as the same boy that drove into the plaintiff, and, even if he was, his subsequent act or conduct was not admissible. It is evident that any declaration made by this boy long after the collision was not admissible, and which seems to have been realized by all parties, as the record discloses no attempt to prove what he said; yet upon the same legal principles the subsequent conduct of the boy was equally inadmissible. This evidence was also calculated to be prejudicial to the defendant, by permitting the plaintiff to create inferences as to the identity and ownership of the horse and buggy by the subsequent acts and conduct of a little negro boy, and which was no part of the res gestæ.

There was no reversible error as to the other rulings upon the evidence.

We do not understand so much of the oral charge, as was excepted to, as authorizing the jury to assess damages both for loss of time and average earnings. It authorized only damages for lost earnings based on lost time.

There was no error in refusing charge 7, requested by the plaintiff.

Charge 9, refused the defendant, should have been given. Charge 1, given the plaintiff, looks like an explanation of such a charge as 9; but the record does not disclose a written duplicate to said charge 9.

There was no error in refusing charge 5, requested by the defendant.—*A. G. S. R. R. v. Robinson,* 183 Ala. 265, 62 South. 813, wherein the *Saxon Case,* 179 Ala. 136, 59 South. 584, was overruled as to a similar charge.

There was no eror in refusing charge 7, requested by the defendant.

The judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.