(84 South. 766)

GORMAN–GAMMILL SEED & DAIRY SUPPLY CO. v. MORTON. (6 Div. 932.)

(Supreme Court of Alabama. Dec. 18, 1919.)

1. MALICIOUS PROSECUTION ⬥40 — ARREST WITHOUT UNNECESSARY FORCE IS NO DEFENSE.

In suit for malicious prosecution it is no defense that the arrest and imprisonment of plaintiff were procured on written complaint and warrant issued by judge having authority to so do, and that no more force was used by officer making arrest than was necessary.

2. FALSE IMPRISONMENT ⬥11 — ARREST UNDER WARRANT ON AFFIDAVIT CHARGING NO OFFENSE HELD NO DEFENSE.

In a prosecution for false imprisonment on false pretense charge, that the arrest was procured on written complaint and warrant issued by judge having a right to so do, and that no unnecessary force was used in making arrest, was no defense, where the affidavit on which the warrant of arrest was based showed that the false pretense charged was based on a promise to be performed in the future and was therefore insufficient to charge such offense.

3. APPEAL AND ERROR ⬥637—APPEAL DISMISSED, WHERE BILL OF EXCEPTIONS NOT PRESENTED WITHIN TIME ALLOWED.

Where an appeal is from the original judgment, and the time for the filing and signing of the bill of exceptions is calculated from that date, the appeal will be dismissed, where the bill was not presented to the presiding judge until after the expiration of such period of time.

4. EXCEPTIONS, BILL OF ⬥36(3) — SIGNING WITHIN TIME AFTER RULING ON MOTION FOR NEW TRIAL WARRANTS REVIEW, THOUGH BILL NOT PRESENTED WITHIN REQUIRED TIME AFTER JUDGMENT.

Where defendant's motion to set aside verdict and for a new trial was overruled, and ex-

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

⬥⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 202 Ala. 65.

ception taken to such ruling by defendant, the signing of the bill of exceptions within the required time after a ruling on such motion is sufficient to warrant appellate court in reviewing such ruling, notwithstanding failure to present bill of exceptions to presiding judge until after expiration of statutory period from rendition of original judgment.

**5. APPEAL AND ERROR ⬥⇒883—APPELLEE ESTOPPED FROM MOVING TO STRIKE EXCEPTION BECAUSE OF CHANGES MADE THEREIN FOR ITS BENEFIT.**

In view of Code .1907, § 2846, appellee is estopped from moving to strike bill of exceptions because of changes made therein by the trial judge, where the changes were made for the benefit of appellee and at the request of his counsel.

**6. MALICIOUS PROSECUTION ⬥⇒71(1)—AGENCY HELD QUESTION FOR JURY.**

In action for false imprisonment and malicious prosecution, question of whether defendant's alleged agent was acting as defendant's authorized agent in the prosecution of plaintiff, or whether defendant, with full knowledge of all the facts, had ratified the action of such agent, held, under the evidence, for the jury.

**7. TRIAL ⬥⇒39—INTRODUCTION OF WARRANT HELD SUFFICIENT, WHERE AFFIDAVIT WAS ON SAME PIECE OF PAPER.**

In action for false imprisonment and malicious prosecution, the introduction of the "warrant" in evidence held sufficient to justify overruling of motion for a directed verdict for defendant on ground that affidavit was not offered in evidence, where the affidavit and warrant were on one piece of paper and were read to the jury as a whole, and where it was fully understood by all the parties that the entire paper was in evidence, even though paper was generally designated as "warrant."

**8. MALICIOUS PROSECUTION ⬥⇒58(1) — EVIDENCE OF ACTS SUBSEQUENT TO PROSECUTION HELD ADMISSIBLE.**

In action for false imprisonment and malicious prosecution on false pretense charge, where the question as to whether prosecution of plaintiff by defendant's alleged agent was authorized or had been ratified was in issue, and where there was evidence that defendant had no interest in the account involved, and that the account was due to the agent individually, evidence that after the prosecution the agent accepted check for account payable to corporation which it returned held admissible.

**9. APPEAL AND ERROR ⬥⇒1057(1)—EXCLUSION OF TESTIMONY HELD HARMLESS.**

Exclusion of testimony held harmless, in view of the admission of undisputed testimony to same facts without objection.

**10. APPEAL AND ERROR ⬥⇒1033(3)—ADMISSION OF TESTIMONY FAVORABLE TO APPELLANT NOT REVERSIBLE ERROR.**

The admission of testimony the only effect of which could be to substantiate one of appellant's contentions is not ground for reversal,

being favorable, and not prejudicial to appellant.

McClellan and Sayre, JJ., dissenting.

Appeal from Circuit Court, Jefferson County; John C. Pugh, Judge.

Action by A. L. Morton against the Gorman-Gammill Seed & Dairy Supply Company for damages for false imprisonment and malicious prosecution. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals, under section 6, Acts 1911, p. 449. Affirmed.

Francis M. Lowe and Thompson, Green & Thompson, all of Birmingham, for appellant. An action for malicious prosecution can only be maintained after an arrest and prosecution under valid process. 19 Ala. 606; 17 Ala. 540; 127 Ala. 56, 28 South. 376; 153 Ala. 375, 44 South. 979; 195 Ala. 414, 70 South. 734. To sustain an action for false imprisonment, the imprisonment must have been suffered or done without legal authority. 52 Ala. 272; 5 Ala. App. 860; 120 Ala. 351, 25 South. 46; 123 Ala. 664, 26 South. 652; 97 Ala. 626, 12 South. 67; 175 Ala. 268, 57 South. 860, 44 L. R. A. (N. S.) 164, Ann. Cas. 1914C, 1155; 144 Mass. 431, 11 N. E. 697; 97 N. Y. 580. It is a sufficient answer to an action for false imprisonment that the arrest was made in due course of legal proceedings by a proper officer. 121 Ala. 454, and authorities, supra. Where the act is done by an agent, it must be alleged that it was done in the line and scope of his employment, or was expressly ratified, in order to bind his principal. 7 Ala. 622; 69 Ala. 373; 71 Ala. 271; 75 Ala. 97; 99 Ala. 19, 10 South. 238; 109 Ala. 224, 19 South. 1, 31 L. R. A. 193, 55 Am. St. Rep. 930; 7 Ala. App. 548. Any facts tending to show that the arrest was without malice and in good faith are admissible. 1 Stew. 494; 2 S. & P. 196; 120 Ala. 259, 24 South. 720; 117 Ala. 413, 23 South. 68; 119 Ala. 606, 24 South. 892. Facts occurring after the prosecution are not admissible to show any element that must exist at the time of the wrongs complained of. 175 Ala. 236, 56 South. 971, Ann. Cas. 1914C, 804, and authorities supra.

Hugh H. Ellis, of Birmingham, for appellee. Counsel discuss a proposition to strike bill of exceptions, but in view of the opinion it is not necessary to here set it out. The advice of a magistrate, although he be a lawyer, constitutes no defense to this action. 101 Ala. 165, 13 South. 297; 144 La. 25, 80 South. 187. The affidavit was void. 115 Ala. 115, 22 South. 502; 55 Ala. 85. This rendered all connected therewith liable in trespass to the party arrested. See authorities cited by appellant. Malice is not essential, in false imprisonment. 103 Ala. 345, 15 South.

---

663; 183 Ala. 209, 62 South. 706. It was not necessary to allege that the act was done by the corporation, through its agents acting within the line and scope of their authority. 81 Ala. 221, 8 South. 191; 131 Ala. 158, 32 South. 503; 167 Ala. 146, 52 South. 596. There was no error in the admission of evidence. 74 Ala. 374; 101 Ala. 165, 13 South. 297; 158 Ala. 657, 48 South. 79; 144 La. 25, 80 South. 187.

GARDNER, J. This suit was brought by appellee against appellant to recover damages on account of the arrest and imprisonment of the plaintiff on a charge of false pretenses.

Count 1 was withdrawn, and the cause proceeded to trial upon counts 2 and 3. The second count sought recovery for malicious prosecution, and the third for false imprisonment. Demurrers were sustained to pleas B and C, and this action of the court constitutes the first assignment of error. Plea B merely sets up that the arrest and imprisonment of the plaintiff were procured upon written complaint and warrant, which were copied verbatim in said plea. Plea C adopted plea B, with the additional averment that the judge of the municipal court who issued the warrant had· a right to do so, and that the arrest was made upon the command of said warrant—no more force being used by the officer than was necessary to effect said arrest.

[1] These pleas were, of course, no answer to count 2, which was for malicious prosecution. Strain v. Irwin, 195 Ala. 414, 70 South. 734. But we find no specific assignment of demurrer to this effect, and we pass to a consideration of the pleas as defenses to the false imprisonment count.

The warrant of arrest, signed by the judge of the municipal court of the city of Birmingham, commanded the officer to arrest the plaintiff "to answer the state of a charge of false pretenses." The insistence seems to be that, as this warrant described in general terms an offense and was valid for the purposes of the arrest by the officer under the circumstances disclosed, therefore there was a complete defense to count 3. The affidavit upon which the warrant of arrest was based, made by one Pilcher, who was in the employ of the defendant corporation, sets out in more or less detail the cause of complaint, and shows that the false pretense charge was based upon a promise by the plaintiff to be performed in the future, and was therefore insufficient to charge an offense. Colly v. State, 55 Ala. 85.

[2] Count 3 charged the defendant with having unlawfully caused the plaintiff to be arrested and imprisoned on said charge The affidavit being void, under the authority of Shannon v. Simms, 146 Ala. 673, 40 South.

574, the pleas were not sufficient answer to said complaint.

[3, 4] Motion is made to strike the bill of exceptions upon the ground that the same was not signed within the time allowed by law, and upon the further ground of alteration of the bill by the trial judge after the signing thereof. Had the appeal been taken from the original judgment, and the time for the filing and signing of the bill of exceptions been calculated as from that date, the motion of appellee would have to be granted, for the bill was not presented to the presiding judge until after the time allowed by the statute from said original judgment had expired. However, it further appears from the record that the defendant in the court below made a motion to set aside the verdict and to grant a new trial. Exception was reserved to the action of the court in overruling the motion, and the bill of exceptions was presented and signed within the time required by the statute, so as to review the action of the court in overruling this motion.

[5] There were some changes made in the bill of exceptions after same had been signed; these changes having been made by the trial judge with the knowledge and consent of counsel for the respective parties. Appellee insists the bill should be stricken on account of these alterations, under the authority of L. & N. R. R. Co. v. Malone, 116 Ala. 600, 22 South. 897. We are of the opinion, however, that the record discloses these changes were made for the benefit of appellee at the request of counsel for appellee, and therefore, under the authority of Day v. State, 74 South. 352,[1] and Sudduth v. State, 124 Ala. 32, 27 South. 487, appellee is not in position to move to strike said bill and is estopped. The motion is overruled, and the bill of exceptions will therefore be considered in reference to the action of the trial court in overruling the motion for a new trial (Cent. of Ga. Ry. Co. v. Ashley, 160 Ala. 580, 49 South. 388), and the questions presented in said motion for a new trial, as here assigned for error, will be considered (section 2846 of the Code of 1907; Karter v. Peck, 121 Ala. 636, 25 South. 1012).

It is insisted that the defendant was entitled to the affirmative charge upon the whole case, upon the theory that the evidence was not sufficient for submission to the jury that the agent of the defendant corporation was acting within the line and scope of his authority, or that his acts were subsequently ratified by the defendant. The goods were sold by the defendant through one Pilcher, who was in its employ, and who subsequently presented the bill to the plaintiff a number of times. The defendant insisted, and offered testimony to the effect,

[1] 199 Ala. 278.

that Pilcher had no authority to sell on credit, and that upon learning of this account they charged same against said Pilcher. It is further insisted that what he (Pilcher) did in the premises in regard to making the affidavit and procuring plaintiff's arrest and trial were on his individual account, and without the authority, connivance, or consent of defendant.

There was evidence offered by the plaintiff tending to show that Pilcher, in presenting the bill, which was made out in the corporate name of the defendant, did so as the agent of the defendant, and that the president of the defendant corporation, in person, went to the plaintiff's place of business, demanding the payment of the bill; that he was present at the trial, and, upon the plaintiff being discharged, asked the judge, "In what way am I going to get pay for my goods?" and, according to another witness, stated that, "If that warrant didn't hold, can't some warrant be issued that will hold a man that will take my goods and not pay for them?" Gorman was president of the defendant corporation, and one Gammill was secretary and treasurer; these two being the only officers of the company—the former being denominated the "president and general supervisor." There was other evidence tending to show that no claim had been made that the account was due the agent or clerk, Pilcher, and not the defendant corporation, until some time after plaintiff's trial.

[6] Suffice it to say, without going further into detailed consideration of the testimony in the cause, that after a careful consideration thereof we are of the opinion that the evidence was sufficient for submission to the jury of the question as to whether or not Pilcher, in the prosecution of the plaintiff, was acting as the defendant's authorized agent, or whether defendant, with full knowledge of all the facts, had ratified the actions of said Pilcher. Jordan v. A. G. S. R. R. Co., 81 Ala. 221, 8 South. 191; Southern Car & Foundry Co. v. Adams, 131 Ala. 158, 32 South. 503; Abingdon Mills Co. v. Grogan, 167 Ala. 146, 52 South. 596.

[7] There is also some insistence that the affirmative charge was due defendant, for that the affidavit was not offered in evidence. We are of the opinion, however, that it clearly appears from the bill of exceptions that the affidavit and warrant were on one piece of paper, and were read to the jury as a whole, and that it was fully understood by all parties that the entire paper was in evidence, and that, although it might have been generally designated as "warrant" in the loose language by which reference was made thereto, yet it was understood by the court and by the parties that the entire paper including the affidavit was in evidence. As

this very clearly appears to our minds, we find no merit in this insistence.

Two of the charges—refusal of which form the basis of separate grounds for the motion for a new trial—make reference to the first count, which was withdrawn, in connection with count 3 in the complaint, and we are not to be considered as approving the form of these charges. However, what has been previously stated discloses that, in our opinion, the affirmative charge was not due the defendant as to count 3, and there was no error in the refusal of said charges. Shannon v. Simms, supra; Rutherford v. Dyer, 146 Ala. 665, 40 South. 974; Hotel Supply Co. v. Reid, 16 Ala. App. 563, 80 South. 137.

Subsequent to plaintiff's trial and acquittal, he called the defendant's place of business over the phone, stating that if they would send the account around he would pay the same. Witness did not know who answered the phone, but in a short time Pilcher came to plaintiff's place of business, but denied that he came in answer to any call. The presumption, under the circumstances, was that some one whose duty it was answered the telephone call, and whether such party had authority to speak for the company was a jury question. W. U. Tel. Co. v. Rowell, 153 Ala. 295, 45 South. 73; Monarch Livery Co. v. Luck, 184 Ala. 518, 63 South. 656. Plaintiff was permitted to prove that Pilcher came around to his place of business with the bill made out on defendant's stationery, and made in defendant's name; that a check was issued payable to the defendant company and handed to Pilcher, whereupon Pilcher receipted the same in the name of the defendant company by himself. The defendant declined to accept the check, and it was returned the next morning. It is insisted that, as this occurred subsequent to the prosecution, under the authority of Hanchey v. Brunson, 175 Ala. 236, 56 South. 971, Ann. Cas. 1914C, 804, this evidence was inadmissible.

[8] However, in view of the insistence of the defendant that Pilcher was acting without authority, and that defendant had no interest whatever in the account which the plaintiff originally owed them, and the further fact that Pilcher testified that the account was due him individually, together with all the other evidence in the case, which need not be here detailed, and in the light of the authorities above cited, we are of the opinion that this evidence was relevant and admissible to go to the jury, and that the foregoing authority of Hanchey v. Brunson, supra, is not applicable.

[9] As to whether or not there was error in the court's sustaining the objection to the witness Bonner's testimony concerning statements made to the municipal judge need not be here determined, for the witness Pilcher

had already testified very fully as to what he stated to the judge, which evidence is without dispute. The witness Bonner himself had testified, in substance, that Pilcher had detailed the facts to said municipal judge as set forth in the affidavit and warrant. We are fully persuaded that the defendant received the benefit of ·this testimony, and that should it be conceded (the question not decided) there was error under the issues presented by the pleadings in the cause, it was clearly without injury.

[10] Nor can we see anything prejudicial to the defendant in permitting the introduction of the statement by the James Agency; and, whether admissible or not, the action of the court in regard thereto will not work a reversal of the cause. If of any value, it tended to establish the defendant's insistence that the account was that of Pilcher and not that of the company.

We have carefully noted the argument of counsel for appellant that the verdict in this cause was contrary to the great weight of evidence and was palpably wrong and unjust, that it should be set aside, and that the court committed error in refusing to grant a new trial upon this ground. The rule by which this court is governed upon questions of this character is too well settled to be here repeated. Suffice it to say that after a careful consideration of the evidence in this cause, under this well-established rule, we are unable to say that the judgment of the trial court should be reversed for denying a new trial upon this ground.

We have here given due consideration to the questions presented upon this appeal, and, finding no reversible error, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE, THOMAS, and BROWN, JJ., concur.

McCLELLAN and SAYRE, JJ., dissent.