## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Jacques R. Cedelle

v.

Bank of Virginia

April 4, 1979

Case No. (Law) 4888

By JUDGE ALBERT H. GRENADIER

While it is unanimously held that an action for malicious prosecution will lie against one who has maliciously and without probable cause procured the plaintiff to be prosecuted for a criminal offense of which he was not guilty, there is a split of authority as to whether the institution of a civil suit maliciously and without probable cause will constitute a sufficient basis for an action for malicious prosecution. Almost half of the states follow the so-called "English Rule" and hold that the arrest of the person or the seizure of his property or some other special injury is essential to recover for the malicious prosecution of a civil proceeding. See 52 Am. Jur. 2d, *Malicious Prosecution*, Sections 7, 9; Prosser, *Torts*, 3rd ed., p. 870, section 114; 35 A.L.R. 3rd § 51, et seq.

The majority of courts, however, reject the "English Rule" and hold that a cause of action will lie for the malicious prosecution of a civil action without probable cause, even in the absence of an arrest or interference with a property right. This cause of action may be more appropriately called a malicious abuse of civil process, but the phrases "malicious prosecution" and "malicious abuse of civil process" are used interchangeably in the decisions.

It is difficult to tell from the cases whether Virginia follows the "English Rule" or takes the other approach. The only decisions that seem to discuss this kind of proceeding involved in one case an attachment of property and in the other case a substantial injury to the plaintiff's business, either of which would have permitted recovery under either rule.

In the case of *Ailstock v. Moore Lime Company*, 104 Va. 565, 52 S.E. 213 (1905), the Court held that if an attachment is sued out maliciously and without any probable cause from a court without jurisdiction, the defendant in the attachment may sue the plaintiff therein for the damage so occasioned. The Court said, "if one maliciously makes use of the process of law, with an intention to vex and distress another, he does it at his peril."

In that case, the plaintiff's money was improperly attached and withheld from him. In *National Surety Company v. Page*, 58 F.2d 145 (4th Cir. 1932), the Court held that the groundless and malicious institution of a civil suit would furnish the basis for an action for malicious prosecution if accompanied by arrest of the person, seizure of property, injury to business or other special damage. This case did not necessarily apply Virginia law, because it pre-dated *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938). However, like the earlier case, the criteria would meet the test of the English Rule. *See also* 12A Michie's Jurisprudence 391, *Malicious Prosecution*, Section 15.

What constitutes "special injury" under the "English Rule" has also led to some litigation. Special injury seems to flow from either a deprivation of the defendant's liberty in the civil case or some interference with his property. In any event, it must be above and beyond the type of injury which would normally result from the kind of civil action brought. Where there has been no arrest, attachment, injunction, replevin, receivership or the like, no cause of action exists. The usual expenses, annoyances and inconveniences that normally flow from the filing and prosecution of a civil action are insufficient to form the basis for a claim of special injury. *See* 52 Am. Jur. 2d 194, *Malicious Prosecution*, Section 11, and cases cited therein.

Even in those states which reject the "English Rule" and allow the maintenance of the action without an arrest or interference with a property right, the plaintiff must show all of the elements comprising the tort of malicious prosecution. Generally speaking, the plaintiff must allege and prove the following elements:

1. That original judicial proceedings were instituted or continued.

2. That such proceedings were instituted or continued by, or at the instance of, the defendant.

3. That the proceedings terminated in the plaintiff's favor.

4. That the defendant acted maliciously in instituting them.

5. That there was no probable cause for the proceeding.

6. That the plaintiff was injured or damaged as a result of the action complained of.

Applying the foregoing principles, it is the opinion of the Court that the Plaintiff's Motion for Judgment fails to state a cause of action under either the "English Rule" or the majority rule.

Count I of the Motion for Judgment avers, in general terms, that the Defendant sued the Plaintiff in the General District Court of the City of Alexandria and recovered a judgment against him. It further alleges that the Plaintiff never had an account with the Defendant and that the service of process in the General District Court was improper. It claims as a result of the foregoing the Plaintiff's credit rating and standing in the Community has been adversely affected and that he is unable to borrow money, and that he has had to retain counsel.

Taking all of these allegations as true, they fall considerably short of stating a cause of action. If the Count is one of malicious prosecution it is defective because it fails to allege all of the essential elements of the offense. There is no allegation that the Defendant acted maliciously or oppressively in either instituting or conducting the suit in the General District Court. Nor is there an allegation that the civil proceeding was terminated in the Plaintiff's favor. As a matter of fact, the opposite is true. There is no allegation of special injury or any injury that would not normally flow from the type of civil action filed.

Count II adopts the allegations of Count I and adds only an allegation of malice. This Count still falls short of what is required because it still does not allege that the civil proceedings were terminated in favor of the Plaintiff and that special damage ensued.

Accordingly, the Court will sustain the Defendant's Demurrer as to both Counts of the Motion for Judgment and will dismiss the Motion for Judgement. The reason for the dismissal is that the Court can perceive no way that the Plaintiff can amend his Motion for Judgment consistent with the facts that will allege a proper cause of action.